UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A PHIPPS DESIGN, INC., a Florida
corporation and BRIAN PHIPPS,
individually,

    Plaintiffs,

v.                              Case No. 8:11-cv-944-T-30TGW

EXTREME REMODELERS OF
SARASOTA, LLC, d/b/a PARADISE
HOMES OF SARASOTA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Motions to Dismiss and/or for More Definite Statement filed by Defendants Extreme Remodelers of Sarasota, LLC, James Butler, Sharon Butler, Coviello Associates, Inc., and Michael Coviello (Dkts. 12 and 13) and Plaintiffs' Memorandum in opposition (Dkt. 18). The Court, having considered the motions, response, and being otherwise advised of the premises, concludes that the motions should be granted to the extent that they seek a more definite statement as to the copyright infringement claim asserted by Plaintiff A Phipps Design, Inc.

## BACKGROUND

This is a copyright infringement action premised on certain architectural drawings authored and designed by Plaintiff Brian Phipps, who is the President of A Phipps Design, Inc. In 2009, Phipps authored, developed and engineered original architectural drawings for

residential dwellings containing material wholly original to Phipps (the "Protected Works"). The Protected Works were registered with the United States Copyright Office on or about September 18, 2009. The copyright registrations are in Phipps' name.

Defendant Extreme Remodelers of Sarasota, Inc. d/b/a Paradise Homes of Sarasota ("Extreme Remodelers") advertises, promotes, and builds single family residences. Plaintiffs filed the instant suit against Extreme Remodelers, its officers (James Butler and Sharon Butler), Coviello Associates, Inc., and Michael Coviello, alleging that Defendants copied the Protected Works without Plaintiffs' authority to advertise, promote, market, and build single family residences.

Plaintiffs' complaint includes a single count of copyright infringement against Defendants. Defendants move to dismiss Plaintiffs' complaint, or, in the alternative, move for a more definite statement, because the complaint is unclear as to the standing of Plaintiff A Phipps Design, Inc. Specifically, the complaint does not allege that A Phipps Design, Inc. is a copyright owner.

The Court agrees that the complaint is unclear on this issue and that a more definite statement is necessary.

**STANDARD OF REVIEW**

A court may require a more definite statement of a pleading where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

## DISCUSSION

It is elementary under applicable copyright law that a plaintiff in an infringement action, in order to make a *prima facie* case, must prove either ownership of a valid copyright or the grant of an exclusive right therein. *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir.1996) (*citing Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991)).

Here, Defendants argue that the complaint is unclear as to A Phipps Design, Inc.'s standing to allege a copyright infringement claim against Defendants. The complaint attaches the copyright registrations, which are solely in Brian Phipps' name. Confusingly, the complaint also alleges that the alleged infringement is of "Plaintiffs' Protected Works."

Plaintiffs counter that Brian Phipps, as the President of A Phipps Design, Inc. and the owner of the Protected Works, licenses and authorizes A Phipps Design, Inc. to use the Protected Works in furtherance of A Phipps Design Inc.'s business. However, these facts are not alleged in the complaint.

Accordingly, Defendants' motions are granted to the extent that they seek a more definite statement on the issue of A Phipps Design Inc.'s standing. Plaintiffs should differentiate between Brian Phipps and A Phipps Design, Inc., rather than generally referring to "Plaintiffs" or "Phipps." And there should be sufficient allegations establishing the standing of A Phipps Design, Inc., since it is not listed as an owner on the copyright registrations.

It is therefore ORDERED AND ADJUDGED that:

1.The Motions to Dismiss and/or for More Definite Statement filed by Defendants Extreme Remodelers of Sarasota, LLC, James Butler, Sharon Butler, Coviello Associates, Inc., and Michael Coviello (Dkts. 12 and 13) are hereby GRANTED to the extent set forth herein.

2.Plaintiffs shall file a more definite statement of their complaint as set forth herein no later than fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-944.mtsdismiss12and13.frm