## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

A PHIPPS DESIGN, INC., a Florida
corporation and BRIAN PHIPPS,
individually,

    Plaintiffs,

v.                                                       Case No.  8:11-cv-944-T-30TGW

EXTREME REMODELERS OF
SARASOTA, LLC, d/b/a PARADISE
HOMES OF SARASOTA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Motions to Dismiss filed by Defendants Extreme Remodelers of Sarasota, LLC, James Butler, Sharon Butler, Coviello Associates, Inc., and Michael Coviello (Dkts. 23, 24) and Plaintiffs' Responses in opposition (Dkts. 25, 26).  The Court, having considered the motions, responses, and being otherwise advised of the premises, concludes that the motions should be denied.

## BACKGROUND

This is a copyright infringement action premised on certain architectural drawings authored and designed by Plaintiff Brian Phipps, who is the President of A Phipps Design, Inc.  In 2009, Phipps authored, developed and engineered original architectural drawings for residential dwellings containing material wholly original to Phipps (the "Protected Works").

The Protected Works were registered with the United States Copyright Office on or about September 18, 2009. The copyright registrations are in Phipps' name.

Defendant Extreme Remodelers of Sarasota, Inc. d/b/a Paradise Homes of Sarasota ("Extreme Remodelers") advertises, promotes, and builds single family residences. Plaintiffs filed the instant suit in a one-count complaint against Extreme Remodelers, its officers (James Butler and Sharon Butler), Coviello Associates, Inc., and Michael Coviello, alleging that Defendants copied the Protected Works without Plaintiffs' authority to advertise, promote, market, and build single family residences.

On June 7, 2011, Defendants moved to dismiss Plaintiffs' complaint, or, in the alternative, requested a more definite statement, claiming that the complaint was unclear as to Plaintiffs' standing because the complaint was devoid of any allegations related to A Phipps Design's use of the Protected Work. The Court granted Defendants' motions to the extent that they requested a more definite statement. The Court ordered that Plaintiffs clarify A Phipps Design Inc.'s standing.

On July 7, 2011, Plaintiffs filed an amended complaint. Plaintiffs allege that A Phipps Design, Inc. is the exclusive licensee of the Protected Works and Brian Phipps is the owner of the Protected Works. Plaintiffs allege two claims for copyright infringement: A Phipps Design, Inc. asserts a claim based on its standing as an exclusive licensee (Count I) and Brian Phipps asserts a claim based on his standing as the owner (Count II).

This case is at issue upon Defendants' motions to dismiss Brian Phipps' copyright infringement claim (Count II).

## DISCUSSION

It is elementary under applicable copyright law that a plaintiff in an infringement action, in order to make a *prima facie* case, must prove either ownership of a valid copyright or the grant of an exclusive right therein. *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir.1996) (*citing Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991)). Defendants argue that Brian Phipps does not have standing to assert a copyright infringement claim because he licensed away all of his rights in the Protected Works when he granted A Phipps Design, Inc. an exclusive license.

Plaintiffs counter that the amended complaint states that Brian Phipps' claim is alleged "in the alternative" to A Phipps Design, Inc.'s claim, which is permitted under Fed. R. Civ. P. 8(d)(2).

The Court concludes that at this stage Plaintiffs may allege these claims in the alternative. Under Rule 8(d)(2) a "party may set out two or more statements of a claim or defense alternative or hypothetically, either in a single count or defense or in separate ones." If it is determined through discovery that the alleged infringement occurred solely during the time that A Phipps Design, Inc. was an exclusive licensee to the Protected Works, the Court will dismiss Brian Phipps' copyright infringement claim. *See World Thrust Films Inc. v. International Family Entertainment Inc.*, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996) (noting that: "It is only the copyright owner or the owner of exclusive rights under the copyright, *as of the time the acts of infringement occur*, who has standing to bring an action for infringement of such rights. Once the copyright owner grants an exclusive license of

particular rights, only the exclusive licensee and not the original owner has standing to sue") (emphasis added).

It is therefore ORDERED AND ADJUDGED that:

1. The Motions to Dismiss filed by Defendants Extreme Remodelers of Sarasota, LLC, James Butler, Sharon Butler, Coviello Associates, Inc., and Michael Coviello (Dkts. 23, 24) are DENIED.

2. Defendants shall file their answers to the amended complaint no later than fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 8, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-944.mtsdismiss23and24.wpd