UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**A PHIPPS DESIGN, INC.**, a Florida
corporation; and **BRIAN PHIPPS**,
individually,

    Plaintiffs,

v.   Case No.  8:11-cv-944-T-30TGW

**EXTREME REMODELERS OF
SARASOTA, LLC, d/b/a PARADISE
HOMES OF SARASOTA et al.**,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant/Counter-Plaintiff Extreme Remodelers of Sarasota, LLC's Motion to Strike Plaintiffs' Second Affirmative Defense to Counterclaim (Dkt. 32) and Plaintiffs' Response in opposition (Dkt. 33).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a copyright infringement action premised on certain architectural drawings authored and designed by Plaintiff Brian Phipps, who is the President of A Phipps Design, Inc.  On August 22, 2011, Defendant Extreme Remodelers of Sarasota, LLC d/b/a Paradise Homes of Sarasota ("Paradise"), filed a counterclaim against Plaintiffs arising out of Plaintiff

Brian Phipps' alleged misrepresentations and misleading conduct in connection with the communications and transactions between the parties. Specifically, as alleged in the counterclaim, Mr. Phipps made a sales pitch to Paradise and identified himself as an architect. Paradise alleges that it was led to believe that Mr. Phipps and his company had the necessary licenses from the State of Florida to practice architecture. Paradise alleges that contrary to that misleading suggestion, neither Mr. Phipps nor A. Phipps Design held an architecture license from the State of Florida.

The counterclaim asserts three counts: (1) Declaratory Judgment regarding ownership of the alleged Protected Works; (2) Declaratory Judgment regarding the existence and scope of the implied license that necessarily arose from the transaction between the parties; and (3) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

On September 12, 2011, Plaintiffs filed their answer and affirmative defenses to the counterclaim. The second affirmative defense states: "Paradise has failed to state a claim under Fla. Stat. § 501.2105, because Plaintiffs are exempt from Fla. Stat. 481.201 *et seq.* because Plaintiffs engage in the designing of single family homes." (Dkt. 31).

Paradise moves to strike the second affirmative defense because it "fails as a matter of law." (Dkt. 32). As discussed *infra*, the Court disagrees that the second affirmative defense should be stricken at this stage of the case.

## DISCUSSION

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Paradise argues that Plaintiffs' second affirmative defense fails as a matter of law because the exemption they rely upon does not apply to a person who wrongfully and deceptively holds himself out as an architect.

Plaintiffs counter that the exemption is relevant to the extent Paradise relies upon any alleged violation of Fla. Stat. § 481.201 *et seq.* ("Florida's Architecture Statute") in support of their FDUTPA claim.[1] Plaintiffs state that the services they provided to Paradise are exempt from the licensing requirements pursuant to section 481.229(b) and to the extent the FDUTPA claim is based upon the offering of such services, Paradise fails to state a claim upon which relief can be granted. Plaintiffs also point out that at this stage of the proceeding "it is not clear whether Paradise may claim that the floor plans and artist renderings provided by [Plaintiffs] as alleged at ¶6 of the Counterclaim, violate §481.201 *et seq.* and subsequently violate § 501.201." (Dkt. 33).

The Court agrees that it is inappropriate at this stage to strike Plaintiffs' second affirmative defense. Paradise is correct that the exemption in section 481.229(b) does not absolve Plaintiffs from liability under FDUTPA for misrepresenting their qualifications. In other words, whether or not Plaintiffs were required to be licensed bears no relevance to

---

[1] Under section 481.223 "[a] person may not knowingly: (a) practice architecture . . . (c) use the name or title 'architect' or 'registered architect' or 'interior designer' or 'registered interior designer' or words to that effect, when the person is not then the holder of a valid license issued pursuant to this part."

alleged fraudulent behavior that would be actionable under FDUTPA. However, part of Paradise's FDUTPA claim appears to rely, at least in part, on Plaintiffs' alleged violation of Florida's Architecture statute. *See* (Dkt. 29 at ¶39). To that extent, Plaintiffs' Second Affirmative Defense is relevant because they allege that they were not required to qualify as an architect to engage in the designing of single family homes.

It is therefore ORDERED AND ADJUDGED that Defendant/Counter-Plaintiff Extreme Remodelers of Sarasota, LLC's Motion to Strike Plaintiffs' Second Affirmative Defense to Counterclaim (Dkt. 32) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 21, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-944.mtstrike32.frm